IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: EMPLOYMENT DISCRIMINATION LITIGATION AGAINST THE STATE OF ALABAMA, et al.: | ) ) ) ) |
| EUGENE CRUM, JR., et al., | ) ) |
| Plaintiffs, | ) ) 2:07cv448-MHT |
| v. | ) CIVIL ACTION NO.: ) CV-94-T-356-N |
| STATE OF ALABAMA, et al., | ) ) |
| Defendants. | ) ) |
| ALVA MOORE, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| STATE OF ALABAMA, GOVERNOR DON SIEGELMAN, STATE OF ALABAMA PERSONNEL DEPARTMENT, STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, and its Commissioner TONY PETELOS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| CHARLES CHINAKWE, | ) |
| | ) |
|     Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| STATE OF ALABAMA, GOVERNOR DON | ) |
| SIEGLEMAN, STATE OF ALABAMA PERSONNEL | ) |
| DEPARTMENT, STATE OF ALABAMA | ) |
| DEPARTMENT OF AGRICULTURE and | ) |
| INDUSTRY, its Former Commissioner | ) |
| A.W. TODD, and Commissioner JACK THOMPSON, | ) |
| | ) |
|     Defendants. | ) |
| | |
| CECIL FAGG, | ) |
| | ) |
|     Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALABAMA, GOVERNOR DON | ) |
| SIEGLEMAN, STATE OF ALABAMA PERSONNEL | ) |
| DEPARTMENT, STATE OF ALABAMA | ) |
| DEPARTMENT OF INDUSTRIAL RELATIONS | ) |
| and ALICE McKINNEY, Its Director, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT-IN-INTERVENTION

**I.   JURISDICTION:**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for injunctive and other

relief against race discrimination. The plaintiff-intervenors and the class they seeks to represent only seek equitable relief by this suit and do not seek damages under the Civil Rights Act of 1991 or 42 U.S.C. §§1981 or 1983.

2. The Plaintiff-intervenors have fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1983. Plaintiff-intervenors filed their charges of race discrimination with the EEOC within 180 days of the occurrence of the last discriminatory act and timely filed their race discrimination claims within 90 days of the receipt of their right-to-sue letters from the EEOC. In addition, they are relying on their own EEOC charge and those of the other plaintiffs and plaintiff-intervenors.

## II. PARTIES:

3. Plaintiff-Intervenor, Alva Moore, is an African-American citizen of the United States and a resident of the State of Alabama.

4. Plaintiff-Intervenor, Charles Chinakwe, is an African-American citizen of the United States and a resident of the State of Alabama.

5. Plaintiff-Intervenor, Cecil Fagg, is an African-American citizen of the United States and a resident of the State of Alabama.

6. The plaintiff-intervenors bring this action on their own behalf and on behalf of all other African-American persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which the plaintiff-intervenors seek to represent is composed of African-American persons who are employed, have been employed, or who may in the future be employed by the defendants. There are common questions of law and fact affecting the rights of the members of the class who are, and continue to be limited, classified and discriminated against in ways which

deprive or tend to deprive them of equal terms, conditions, or privileges of employment. These persons are so numerous that joinder of all members is impractical. A common relief is sought. The interests of said class are adequately represented by the plaintiff-intervenors. Defendants have acted or refused to act on grounds generally applicable to the class.

7. Defendant, State of Alabama, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

8. Defendant, State of Alabama Personnel Department, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

9. Defendant, Donald Siegelman, as the Governor of the State Alabama, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983.

10. Defendant, Department of Human Resources and its Commissioner, Tony Petelos, in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

11. Defendant, Department of Agriculture and Industries and its former Commissioner, A.W. Todd and its Commissioner Jack Thompson, in their official capacity as an agent, is an agency

of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

12. Defendant, Department of Industrial Relations and its Director, Alice McKinney, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

### III. CAUSES OF ACTION:

13. The plaintiff-intervenors and the class they seek to represent re-allege and incorporates by reference paragraphs 1-12 above with the same force and effect as if fully set out in specific detail hereinbelow along with the previous complaints and complaints-in-interventions filed in this case.

14. The defendants have discriminated against the plaintiff-intervenors and the class they seeks to represent on the basis of race in hiring, rehiring, evaluations, compensation, transfers, job duty assignments, recruitment, screening, selection procedures, denial of promotions, discipline, demotions, layoffs, rollbacks, sick leave, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenors and the plaintiff class.

15. The plaintiff-intervenors and the class they seek to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and a declaratory judgment is their only means of securing adequate relief. The plaintiff-intervenors and the class they seek to represent are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

### Alvin Moore

16. The defendants have discriminated against plaintiff-intervenor, Alvin Moore, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

17. Plaintiff-Intervenor, Alvin Moore, is employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Agriculture and Industries. Mr. Moore and the class he seeks to represent has been prevented from applying for higher paying positions because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs. Mr. Moore possessed all of qualifications and experience required by the State Personnel Department and the State agencies for these positions; however Moore and other class members have been prevented from attaining experience and training.

18. During the course of Mr. Moore's employment, he has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

### Charles Chinakwe

19. The defendants have discriminated against plaintiff-intervenor, Charles Chinakwe, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and

experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

20. Plaintiff-Intervenor, Charles Chinakwe, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Agriculture and Industries, from 1989 to the present. Mr. Chinakwe is currently working in the position of Chemist I. Since 1989, Mr. Chinakwe has continuously sought promotions to supervisory positions and higher Chemist position within the Department of Agriculture and Industries and has been deemed qualified and placed on the register. To date, the position of Chemist II remains opened. Mr. Chinakwe and the class he seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs. Mr. Chinakwe possessed all of qualifications and experience required by the State Personnel Department and the State agencies for these positions; however Chinakwe and other class members have been prevented from attaining experience and training.

21. During the course of Mr. Chinakwe's employment, he has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

**Cecil Fagg:**

22.     The defendants have discriminated against plaintiff-intervenor, Cecil Fagg, and the class he seeks to represent on the basis of race in compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, service ratings, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

23.     Plaintiff-Intervenor, Cecil Fagg, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Industrial Relations, from October 8, 1988, to the present. Prior to being employed in the Department of Industrial Relations, Mr. Fagg had been employed in the Department of Finance. Since 1989, Mr. Fagg has continuously sought promotions to the positions of Supply Officer and General Services Supervisor. Mr. Fagg has applied for the positions and, after being deemed qualified, was placed on the register for each position. In 1990, Mr. Fagg was ranked number eight on the promotional register and number one hundred seventy-five on the competitive register for the Supply Officer position. In February, 1991, Mr. Fagg was ranked number fourteen on the promotional register and number eighty-eight on the open competitive register for General Services Supervisor. On July 8, 1995, Mr. Fagg was appointed to the position of Department Procurement Officer I. However, Mr. Fagg was never awarded the position of General Services Supervisor. In 1997, Mr. Fagg was informed that the registers for General Services Supervisor were abolished. Mr. Fagg was informed that he scored in Band 6 for the open competitive register in 1997. Mr. Fagg and the class he seeks to represent have been prevented from applying for these and other jobs because of closed application periods and have been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by the State Personnel Department and the State agencies are

not necessary for these and other jobs. In addition, Mr. Fagg and other class members have been prevented from obtaining experience and training.

24. Since 1988, Mr. Fagg has been discriminated against in regards to job assignments, promotions, training and experience, and other terms, conditions and privileges of employment. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

IV. **PRAYER FOR RELIEF:**

**WHEREFORE,** the plaintiff-intervenors and the class they seeks to represent respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff-intervenors and the plaintiff class as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §§ 1981 and 1983.

2. Grant the plaintiff-intervenors and the plaintiff class a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

3. Enter an Order requiring the defendants to make the plaintiff-intervenors and the plaintiff class whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back-pay (plus interest), declaratory and injunctive relief, lost seniority, lost benefits and lost pension benefits.

4. Grant the plaintiff-intervenors and the plaintiff class such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Rocco Calamusa, Jr.
Richard J. Ebbinghouse

Counsel for the Named Plaintiffs,
Plaintiff-Intervenors, and Putative Class

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL 35203
(205) 328-0640

**Defendants' Addresses**

Department of Human Resources
Commissioner Tony Petelos
50 North Ripley Street
Montgomery, Alabama 36130-4000

Department of Agriculture and Industries
A.W. Todd and Jack Thompson, Former Commissioner and Commissioner
1445 Federal Drive
P. O. Box 3336
Montgomery, Alabama 36109-0336

Department of Industrial Relations
Alice McKinney, Director
Room 204
649 Monroe Street
Montgomery, Alabama 36131